IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                              INFORMATION

CRAIG ROBERT WIGGEN, JR.
and                                                             4:05cr50-RH
WILLIAM JOSHUA BOYD STETSON
_____/

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE

That from on or about September 1, 2004, through on or about January 31, 2005, in the Northern District of Florida and elsewhere, the defendants,

**CRAIG ROBERT WIGGEN, JR.
and
WILLIAM JOSHUA BOYD STETSON,**

did knowingly and willfully conspire, combine, confederate and agree with each other, to commit an offense against the United States, that is, to knowingly, willfully, and with intent to defraud, produce, use, and traffic in one or more counterfeit access devices, that is, counterfeit credit cards bearing fraudulently obtained account names, account numbers, and expiration dates, and in so doing, affected interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(1), 1029(c), and 2.

OFFICE OF THE CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

05 OCT 31 AM 10:31

FILED

## MANNER AND MEANS OF CONSPIRACY

The manner and means by which the conspiracy was carried out included the following:

1. It was part of the conspiracy that defendant **WILLIAM JOSHUA BOYD STETSON** would and did possess approximately eleven credit and debit cards of individuals who had dined at Tia's Tex Mex restaurant ("Tia's"), located at 1926 Capital Circle Northeast, Tallahassee, Florida.

2. It was further part of the conspiracy that defendant **CRAIG ROBERT WIGGEN, JR.** would and did obtain from defendant **WILLIAM JOSHUA BOYD STETSON**, an employee of Tia's, credit and debit card account names, account numbers, and expiration dates that **STETSON** stole from customers of Tia's by means of an electronic device.

3. It was further part of the conspiracy that defendant **CRAIG ROBERT WIGGEN, JR.** would and did obtain blank gift cards to which he transferred the fraudulently obtained account information and produced counterfeit credit cards.

4. It was further part of the conspiracy that defendant **CRAIG ROBERT WIGGEN, JR.** would and did use the counterfeit credit cards to purchase merchandise, valued at approximately $10,000 primarily from gas stations, Home Depot stores, Lowe's stores, Office Depot stores, Winn Dixie stores, Winn Dixie Liquor stores, Albertson's stores, and Dillard's stores, located in the Northern District of Florida and elsewhere.

5. It was further part of the conspiracy that defendant **CRAIG ROBERT WIGGEN, JR.** would and did sell and attempt to sell merchandise he had purchased using the counterfeit credit cards.

## OVERT ACTS OF THE CONSPIRACY

In furtherance of this conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by the conspirators in the Northern District of Florida, and elsewhere:

1. In or about October 2004, defendant **CRAIG ROBERT WIGGEN, JR.** asked defendant **WILLIAM JOSHUA BOYD STETSON** to obtain customers' credit card information at Tia's.

2. On or about November 23, 2004, defendant **WILLIAM JOSHUA BOYD STETSON** fraudulently obtained American Express card information belonging to a customer of Tia's.

3. On or about December 3, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit American Express card to purchase $432.32 in merchandise at a Lowe's store located in Tallahassee, Florida.

4. On or about December 4, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit American Express card to purchase $413.15 in merchandise at a Lowe's store located in Tallahassee, Florida.

5. On or about December 6, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit American Express card to purchase $280.49 in merchandise at a Lowe's store located in Tallahassee, Florida.

6. On or about December 10, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit American Express card to purchase $289.16 in merchandise at a Lowe's store located in Tallahassee, Florida.

7. On or about November 26, 2004, defendant **WILLIAM JOSHUA BOYD STETSON** fraudulently obtained American Express card information belonging to a customer of Tia's.

8. On or about January 9, 2005, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit American Express card to purchase $348.27 in merchandise at a Lowe's store located in Tallahassee, Florida.

9. On or about December 16, 2004, defendant **WILLIAM JOSHUA BOYD STETSON** fraudulently obtained Citibank Visa card information belonging to a customer of Tia's.

10. On or about December 19, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit Citibank Visa card to purchase $251.42 in merchandise at a Lowe's store located in Gainesville, Florida.

11. On or about December 9, 2004, **WILLIAM JOSHUA BOYD STETSON** fraudulently obtained Citizen's Bank Mastercard information belonging to a customer of Tia's.

12. On or about January 21, 2005, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit Citizen's Bank Mastercard to purchase $121.43 in merchandise at a Winn-Dixie Liquor store located in Tallahassee, Florida.

13. On or about November 12, 2004, **WILLIAM JOSHUA BOYD STETSON** fraudulently obtained Citibank Mastercard information belonging to a customer of Tia's.

14. On or about November 14, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit Citibank Mastercard to purchase $310.54 in merchandise at a Home Depot store located in Tallahassee, Florida.

15. On or about November 15, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** fraudulently used a counterfeit Citibank Mastercard to purchase $363.36 in merchandise at a Lowe's store located in Tallahassee, Florida.

16. On or about December 13, 2004, defendant **CRAIG ROBERT WIGGEN, JR.** created a computerized list of the information fraudulently obtained from customers' credit and debit cards, including credit card names, account numbers, and expiration numbers.

All in violation of Title 18, United States Code, Sections 371 and 1029(b)(2).

## COUNT TWO

That from on or about September 1, 2004, through on or about January 31, 2005, in the Northern District of Florida and elsewhere, the defendants,

**CRAIG ROBERT WIGGEN, JR.
and
WILLIAM JOSHUA BOYD STETSON,**

did knowingly, willfully, and with intent to defraud, produce, use, and traffic in one or more counterfeit access devices, that is, counterfeit credit cards bearing fraudulently obtained account names, account numbers, and expiration dates, and in so doing, affected interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(1), 1029(c), and 2.

## CRIMINAL FORFEITURE

The allegations in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States of America.

From their engagement in the violations alleged in Counts One and Two of this Indictment, punishable by imprisonment for more than one year, the defendants,

**CRAIG ROBERT WIGGEN, JR.**
**and**
**WILLIAM JOSHUA BOYD STETSON,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and (B), any property constituting, or derived from, proceeds the defendants obtained directly or indirectly, as the result of such violations.

If any of the forfeitable property, as a result of any act or omission of the defendants:

1) cannot be located upon the exercise of due diligence;

2) has been transferred, sold to, or deposited with a third party;

3) has been placed beyond the jurisdiction of this Court;

4) has been substantially diminished in value; or

5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p)(1), as incorporated by Title 18, United States Code, Section 982(a)(2)(B), to seek forfeiture of any other property of the defendants, up to the value of the above forfeitable property.

_____          _____10-31-05_____
GREGORY R. MILLER                                              Date
United States Attorney

_____
WINIFRED L. ACOSTA NESMITH
Assistant United States Attorney