IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 4:05CR50-RH

CRAIG ROBERT WIGGEN, JR.
and
WILLIAM JOSHUA BOYD STETSON
_____/

## GOVERNMENT'S STATEMENT OF FACTS

Concerning the Plea and Cooperation Agreement entered into by defendant CRAIG ROBERT WIGGEN, JR. in this case, the Government's Factual Basis for Counts I and II is as follows:

On or about November 17, 2004, Victim A[1] reported to the Tallahassee Police Department that her credit card had been fraudulently used to make various purchases in Tallahassee, Florida. Victim A advised she had last used her card at Tia's Tex Mex, located at 1926 Capital Circle NE in Tallahassee, Florida. Law enforcement acquired the video surveillance from Home Depot where a fraudulent purchase was made on November 14, 2004 and from Lowe's where a fraudulent purchase was made on November 15, 2004. Victim A mistakenly believed the person in the surveillance appeared to be the waiter from Tia's Tex Mex.

---

[1] The victims' names are excluded to protect their identity.

FILED IN OPEN COURT
11/10/05
CLERK, U.S. DISTRICT
COURT, NORTH. DIST. FLA.

This led law enforcement to question Defendant William Joshua Boyd Stetson at Tia's Tex Mex.

On or about January 24, 2005, Defendant Stetson was interviewed. Defendant Stetson was Victim A's waiter at Tia's Tex Mex on November 12, 2004. Defendant Stetson identified the person in the surveillance as "Rob," later identified as Defendant CRAIG ROBERT WIGGEN, JR.

On or about February 28, 2005, investigators met with Defendant Wiggen and his brother who both appeared to be the individuals in the surveillance on November 15, 2004. Defendant Wiggen stated in a later interview that about five years ago, a friend asked him to download and transfer data from a skimming device to a reencoder. Wiggen agreed to write the program, and later learned his friend used the information to create counterfeit credit cards. About two months later, Wiggen agreed to sell items purchased with the credit cards on Ebay. In or about November 2003, Wiggen agreed to install several KeyKatchers for his friend who paid Defendant Wiggen cash and mailed him counterfeit credit cards to sell items on Ebay. According to Defendant Wiggen, in or about October 2004 Defendant Wiggen purchased his own KeyKatcher which he installed on a register at a Roadhouse Grill restaurant in Tallahassee, Florida. However, this KeyKatcher was removed by restaurant personnel.

Defendant Wiggen admitted he later purchased a skimmer and paid Defendant Stetson, to skim or copy credit card information belonging to customers at Tia's Tex Mex where Defendant Stetson was a waiter. The copied credit card information included name of the account holder,

2

account numbers, and expiration dates. Defendant Wiggen stated he paid Defendant Stetson $50-$75 for each skimmed credit card, in return, Defendant Stetson provided information on about 16 credit cards between in or about September 2004 and January 2005. Defendant Wiggen stated he purchased an electronic device called a reencoder, to encode approximately 10 blank gift cards transferring the credit card information and then used the cards at various locations. Defendant Wiggen stated he would then sell the items on Ebay, primarily power tools.

Defendant Stetson was interviewed and stated that in or about October 2004, Defendant Wiggen asked Defendant Stetson to skim credit cards. Defendant Stetson agreed to do so at Tia's Tex Mex where Defendant Stetson was a waiter. Defendant Stetson stated he needed the money and Defendant Wiggen agreed to pay him $50 for each swiped or skimmed credit card. Defendant Stetson acknowledged skimming/swiping about 8-12 cards. Defendant Stetson knew Defendant Wiggen was using the credit cards to make purchases. Defendant Stetson obtained an electronic device, called a swiper from Defendant Wiggen and kept in his waiter pouch, which he used to swipe customers' credit cards while at the register. Defendant Wiggen requested he only swipe platinum and gold cards. Defendant Stetson stopped swiping cards in December 2004.

Defendant Wiggen surrendered another electronic device, Tysso mini portable data collector (skimmer) to law enforcement. No information of evidentiary value was located on the skimmer. Defendant Wiggen stated he had erased the information, but some remained on his laptop computer which he surrendered. A computer analysis shows that the computer

contained credit card information pertaining to approximately seven victims who had used their credit or debit cards at Tia's Tex Mex and were served by Defendant Stetson in November and December 2004.

Of the seven victims whose information was recovered on the computer, one victim's card was fraudulently used. Further investigation revealed there were approximately four other victims whose credit card information was used. Thus, the defendants fraudulently possessed credit card information belonging to approximately eleven victims as part of this scheme. Fraudulent purchases were made on five cards in the amount of approximately $10,529.87, primarily from gas stations, Home Depot stores, Lowe's stores, Office Depot stores, Winn Dixie stores, Winn Dixie Liquor stores, Albertson's stores, and Dillard's stores, located in the Northern District of Florida and elsewhere. These transactions occurred during the period of November 2004 and January 2005 from the following victims who had previously used their credit or debit cards at Tia's Tex Mex:

1) Victim A - Between November 14, 2004 and November 16, 2004, about six fraudulent purchases were made on Victim A's credit card in the total amount of $865.27. Defendant Wiggen was captured on video surveillance making two of the purchases (Home Depot and Lowe's in Tallahassee, Florida). Some of the other locations were also stores Defendant Wiggen admitted to using the counterfeit credit cards.

2) Victim B - Between December 3, 2004 and December 12, 2004, about twenty-two fraudulent purchases were made on Victim B's American Express card in a total amount of $3687.44. Defendant Wiggen is on video surveillance for four purchases made at Lowe's in Tallahassee, Florida. Defendant Wiggen also admitted to using counterfeit cards at some of the other locations.

3) Victim C - Between January 8, 2005 and January 12, 2005, about twelve fraudulent purchases were made on Victim C's American Express credit card in a total amount of $1825.14. Defendant Wiggen is on video surveillance for the greatest purchase in the amount of $348.27 from Lowe's in Tallahassee, Florida. Defendant Wiggen also admitted to using counterfeit cards at some of the other locations.

4) Victim D - Between December 17, 2004 and December 27, 2004, about twenty eight fraudulent purchases were made on Victim D's Citibank Visa credit card in the total amount of $3,902.78. Defendant Wiggen was captured on video surveillance for a purchase made at Lowe's in Gainesville, Florida using Victim D's credit card. Most of the other locations were stores Wiggen mentioned he used the counterfeit credit cards.

5) Victim E[2] - On or about January 21, 2005, four fraudulent purchases were made

---

[2] This victim's information was located on Defendant Wiggen's laptop computer.

on Victim E's Citizen's Bank Mastercard credit (debit) card[3] in the total amount of $249.24. These are all locations in which Wiggen admitted to using the counterfeit cards.

None of the victims whose credit card numbers were skimmed and/or used, authorized Wiggen or Defendant Stetson to use or possess their credit card information. Other evidence includes documentary evidence, ie., receipts for transactions which do not reflect the victims' signatures, victim affidavits denying the purchases or authorization to Wiggen or Defendant Stetson, Tia's Tex Mex business records reflecting the victims' use of their cards at the restaurant, and financial loss statements.

All of these acts occurred in the Northern District of Florida and elsewhere, in violation

---

[3] This would have been a debit card but it would have been used as a credit card because the defendants did not have the personal identification number.

Title 18 United States Code Sections 371, 1029(a)(1), 1029(c), 1029(b)(2), and 2.

                                        Respectfully submitted

                                        GREGORY R. MILLER

                                        United States Attorney

                                        Winifred L. Acosta NeSmith
                                        Assistant United States Attorney
                                        Northern District of Florida
                                        Florida Bar Number 0076333

The Defendant, hereby signs the Statement of Facts with the understanding that although he may not agree to every fact alleged, the Government can prove every element of the charged offenses beyond and to the exclusion of a reasonable doubt. Defendant may present his own version of the facts supporting his pleas of guilty to the charges and satisfying the Government's burden of proof.

_____                   11-10-05
Robert Alexander Morris                        Date
Attorney for Defendant

_____                   11-10-05
CRAIG ROBERT WIGGEN, JR.          Date
Defendant