IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.  4:05CR50-RH

CRAIG ROBERT WIGGEN, JR.
and
WILLIAM JOSHUA BOYD STETSON
_____/

DEFENDANT WIGGEN'S
PLEA AGREEMENT

1. PARTIES TO AGREEMENT

This agreement is entered into by and between **CRAIG ROBERT WIGGEN, JR.**, *ROBERT ALEXANDER MORRIS*, attorney for **CRAIG ROBERT WIGGEN, JR.,** and the United States Attorney for the Northern District of Florida.  This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against **CRAIG ROBERT WIGGEN, JR.**

2. TERMS

The parties agree to the following terms:

a.   **CRAIG ROBERT WIGGEN, JR.** will plead guilty to Counts One and Two of the *Information. The maximum penalties are* ten years imprisonment, fine of $250,000, special monetary assessment of $100, and 3 years supervised release. **CRAIG ROBERT WIGGEN, JR.** agrees to pay the special monetary assessment on or before the date of sentencing. Defendant also consents and agrees to make restitution in an amount to be determined by the

FILED IN OPEN COURT
11/10/05
CLERK, U. S. DISTRICT
COURT, NORTH. DIST. FLA.

court.

b. Defendant is pleading guilty because **CRAIG ROBERT WIGGEN, JR.** is in fact guilty of the *charges* contained in the *information*. In pleading guilty to *the offenses* defendant acknowledges that were this case to go to trial, the government could present evidence to support *the charges* beyond a reasonable doubt

c. Upon the District Court's adjudication of guilt of **CRAIG ROBERT WIGGEN, JR.** for Count One: Conspiracy to Commit Fraud in Connection with Counterfeit Credit Cards or other Access Devices, in Violation of 18 USC 371, 1029(a)(1), 1029(c), 1029(b)(2), and 2; and Fraud In Connection with Counterfeit Credit Cards or other Access Devices, in Violation of 18 USC 1029(a)(1), 1029(c) and 2, the United States Attorney, Norther District of Florida, will not file any further criminal charges against **CRAIG ROBERT WIGGEN, JR.** arising out of the same transactions or occurrences to which **CRAIG ROBERT WIGGEN, JR.** has pled.

d. The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

e. Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement

f. The United States Attorney agrees not to recommend a specific sentence. However, the United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by

DEFENDANT, including correcting any misstatements by defendant or defendant's attorney, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

g. Defendant understands that conviction on this charge may adversely affect *his* immigration status and may lead to *his* deportation.

### 3. SENTENCING

a. Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentencing greater than anticipated shall not be grounds for withdrawal of defendant's plea.

b. The parties reserve the right to appeal any sentences imposed.

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and **CRAIG ROBERT WIGGEN, JR.**, and **CRAIG ROBERT WIGGEN, JR.** enters this agreement knowingly, voluntarily, and upon advice of counsel.

ROBERT ALEXANDER MORRIS
Attorney for Defendant

11-10-05
Date

**CRAIG ROBERT WIGGEN, JR.**
Defendant

11-10-05
Date

GREGORY R. MILLER
United States Attorney

WINIFRED L. ACOSTA NESMITH
Assistant U.S. Attorney
Northern District of Florida
111 N. Adams Street, Fourth floor
Tallahassee, FL 32301
(850) 942-8430

11-10-05
Date

4