FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                    Page 1 of 11
4:05cr50 - CRAIG ROBERT WIGGEN, JR.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                      Case # 4:05cr50-01

**CRAIG ROBERT WIGGEN, JR.**

                                                     USM # 11968-017

                                                   **Defendant's Attorney:**
                                                   R. Alex Morris (Retained)
                                                   810 Thomasville Road
                                                   Tallahassee, Florida 32303

_____

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts 1 and 2 in the Information on November 10, 2005. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 371, 1029(a)(1), 1029(c), 1029(b)(2) and 2 | Conspiracy to Commit Fraud in Connection with Counterfeit Credit Cards or Other Access Devices | January 31, 2005 | 1 |
| 18 U.S.C. §§ 371, 1029(a)(1), 1029(c) and 2 | Fraud in Connection with Counterfeit Credit Cards or Other Access Devices | January 31, 2005 | 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                              *Page 2 of 11*
*4:05cr50 - CRAIG ROBERT WIGGEN, JR.*

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

        Date of Imposition of Sentence:
        March 8, 2006

        <u>s/Robert L. Hinkle</u>
        Chief United States District Judge
        March 12, 2006

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                   *Page 3 of 11*
*4:05cr50 - CRAIG ROBERT WIGGEN, JR.*

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **21 months on Counts 1 and 2, to run concurrently with each other.**

The Court recommends to the Bureau of Prisons **in order of priority**:

1. **That Defendant have a mental health evaluation and treatment as appropriate while in the custody of the Bureau of Prisons.**
2. **That Defendant participate in a Residential Drug Abuse Program while in the custody of the Bureau of Prisons.**
3. **That Defendant be designated to a facility as near as possible to Daytona Beach, Florida.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons **by 2:00 P.M. on or before May 8, 2006.**

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                                                           _____
                                                                                              UNITED STATES MARSHAL

                                                                  By:_____
                                                                           Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to Counts 1 and 2, to run concurrently with each other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute,

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                  *Page 5 of 11*
*4:05cr50 - CRAIG ROBERT WIGGEN, JR.*

or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11. the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14. if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

```
1.   The defendant shall report in person to the probation
office in the district to which the defendant is released
within 72 hours of release from the custody of the Bureau of
Prisons.

2.   The defendant shall not own or possess a firearm,
dangerous weapon, or destructive device.
```

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                                 *Page 6 of 11*

*4:05cr50 - CRAIG ROBERT WIGGEN, JR.*

3.   The defendant shall submit to testing to determine whether he is using drugs or alcohol.

4.   The defendant shall participate in a program of substance abuse treatment.

5.   The defendant shall participate in a program of mental health treatment.

6.   The defendant shall provide the probation officer all requested financial information, business or personal.

7. The defendant shall cooperate with the probation department in the collection of DNA samples as required by 42 U.S.C. § 14135a.

8.   The defendant shall make payments toward any unpaid restitution balance in the amount of at least $155 per month (or any adjusted amount set by further court order based on the defendant's ability to pay from time to time) commencing within 60 days following defendant's release from custody.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                                 *Page 7 of 11*
*4:05cr50 - CRAIG ROBERT WIGGEN, JR.*

      Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

      These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.


_____          _____

**Defendant**                                                                        **Date**


_____          _____

**U.S. Probation Officer/Designated Witness**             **Date**

# CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court.  Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717.  Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.  The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

## SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $200.00 | -0- | $5,487.90 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$200.00** is imposed.

No fine imposed.

## RESTITUTION

Restitution in the amount of **$5,487.90** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case* *Page 9 of 11*
*4:05cr50 - CRAIG ROBERT WIGGEN, JR.*

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| **Gate Petroleum Company**<br>**Attn: Debbie Argo**<br>**9540 San Jose Blvd.**<br>**Jacksonville, Florida 32241** | **$13.06** | **$13.06** |
| **Winn-Dixie**<br>**5050 Edgewood Court**<br>**Jacksonville, Florida 32254**<br>**Attn: Security re: Store #125** | **$37.66** | **$37.66** |
| **Albertson's**<br>**701 International Parkway,**<br>**Suite 100**<br>**Lake Mary, Florida 32746**<br>**re: Store #4343** | **$123.60** | **$123.60** |
| **Albertsons's**<br>**701 International Parkway,**<br>**Suite 100**<br>**Lake Mary, Florida 32746**<br>**re: Store #4315** | **$220.59** | **$220.59** |
| **Citigroup Investigative**<br>**Services (CitiBank)**<br>**Attn: Ted Manjoras**<br>**14000 Citi Cards Way**<br>**Building C**<br>**Jacksonville, Florida 32258**<br>**(two accounts)** | **$4768.43** | **$4768.43** |
| **RBS Credit Card Services**<br>**Attn: Robin Case**<br>**P.O. Box 507, RC 264**<br>**Bridgeport, Connecticut**<br>**06601** | **$249.24** | **$249.24** |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*　　　　　　　　　　　　　　　　　　　　*Page 10 of 11*
*4:05cr50 - CRAIG ROBERT WIGGEN, JR.*

| | | |
|---|---|---|
| **Chevron Products Co.**<br>**Attn: Doug Green, Room 1276**<br>**P.O. Box 5010**<br>**Concord, CA 94524** | **$54.75** | **$54.75** |
| **Shell Gas Station**<br>**2410 W. Pensacola Street**<br>**Tallahassee, Florida 32303** | **$13.00** | **$13.00** |
| **Island Food Store**<br>**Tallahassee, Florida** | **$7.57** | **$7.57** |

　　　If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise.  If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

　　　The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**Restitution in the amount of $5,487.90 is hereby ordered jointly and severally with:   Co-Defendant William Joshua Boyd Stetson.**

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                    Page 11 of 11
4:05cr50 - CRAIG ROBERT WIGGEN, JR.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties

Payment of the total fine and other criminal monetary penalties shall be due as follows:

in full immediately

The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n).  Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.  In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**Computer, Skimmer, and KeyKatcher**